Lois Ann THACKER, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 19S00–9102–CR–141.

Supreme Court of Indiana.

Sept. 19, 1991.

Alphonso Manns, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

■ Appellant Lois Thacker was convicted in Dubois Circuit Court of capital murder and was sentenced to death. On appeal, this Court affirmed the conviction but vacated the death sentence. *Thacker v. State* (1990), Ind., 556 N.E.2d 1315. We determined that neither of the aggravating factors supporting the death sentence were proven beyond a reasonable doubt. The case was remanded with instructions to enter the maximum prison sentence for murder provided by law. The trial judge followed our instructions and sentenced Thacker to sixty years, pursuant to Indiana Code § 35–50–2–3(a). Thacker now appeals that sentence, alleging that the trial court erred by not sentencing her to the presumptive term of forty years.

Thacker bases her contention on the fact that at the sentencing hearing after remand, the State did not present evidence of aggravating factors supporting an enhancement beyond the presumptive sentence. She complains that the trial court did not set forth particularized findings of aggravating circumstances. Given our explicit instructions to enter the "maximum sentence for murder provided by law," this was not error. The trial court did not have a duty to hear further evidence or make findings of fact regarding specific aggravating factors. Its sole responsibility upon remand was to follow this Court's mandate.

The State's evidence at trial showed that during a period of several weeks before the crime, Thacker spoke with three young men, Buchanan, Music and Hart, expressing her desire to have her husband killed and encouraging and challenging each to kill him. Her husband had a life insurance policy of which she was a beneficiary. She formulated a plan and guided its execution, demanding that he be killed with a shotgun loaded with deer slugs. She provided some ammunition. She picked out a location where he could be stopped and killed without notice. When two of the three persons recruited by her expressed hesitation, she goaded them, calling one a "chicken shit" and another a "coward."

Thacker's husband was murdered as planned, with Music pulling the trigger. Thacker was not present when the shots were fired; she was in her trailer a short distance away. After the murder, Thacker provided one of her co-conspirators with a change of clothing and put his mud-stained clothes in her washing machine.

The prosecution sought the death penalty by alleging, pursuant to Ind.Code § 35–50–2–9(b)(3) (West 1986), the following aggravating circumstances: 1) that the killing had been accomplished by lying in wait, and 2) that the killing had been done for hire. The jury found both aggravating factors to be present and returned a recommendation that the death penalty be imposed. The trial court followed the jury's recommendation. We vacated the death sentence because the evidence showed that Thacker herself had not been lying in wait when the murder occurred, and because it could not be established *beyond a reasonable doubt* that she had actually "hired" Music to kill her husband. Nonetheless, her complicity and participation were clearly established. Thus, the conviction was upheld.

■ While it is true that a trial court must set forth particularized findings in explanation of an enhanced term of years, *see Whitehead v. State* (1987), Ind., 511 N.E.2d 284, this Court is under no such obligation when it directs the entry of a specific sentence. Given the facts we have now twice recited, it should be evident that an enhancement was warranted. Furthermore, the fact that the *death penalty* aggravators were not proven beyond a reasonable doubt does not mean the record was devoid of aggravating circumstances. It was replete with such evidence, including the fact that Thacker had arranged for the murder of a previous husband.

The trial court correctly interpreted this Court's instructions. There was no error here.

DeBRULER, GIVAN, DICKSON and KRAHULIK, JJ., concur.